FILED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

01 FEB -7 PM 1: 14

U.S. DISTRICT COURT
N.D. OF ALABAMA

GEICO GENERAL, a Maryland
corporation

        Plaintiff,

v.

DOUGLAS M. LOLLAR;
MACK WAYNE LOLLAR;
DEBBIE COURINGTON,
as personal representative of the
Estate of Dennis Wayne
Courington,

        Defendants.

Civil Action No. CV-00-J-1738-J

**ENTERED**

FEB 7 2001

### MEMORANDUM OPINION

This cause comes before this court on plaintiff's motion for summary judgment

(doc. 9). Defendants have not filed anything in opposition to said motion.[1]  The court

having considered said motion, pleadings, and exhibits finds there is no genuine issue as

to any material fact therefore plaintiff's motion is due to be granted.

### Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the

pleadings, depositions, answers to interrogatories, and admissions on file, together with

the affidavits, if any, show that there is no genuine issue as to any material fact that the

---

[1]Neither Douglas M. Lollar nor Mack Wayne Lollar have answered this complaint.

moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477

U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment

standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary
> judgment, after adequate time for discovery and upon motion, against a
> party who fails to make a showing sufficient to establish the existence of an
> element essential to that party's case, and on which that party will bear the
> burden of proof at trial. In such a situation, there can be no genuine issue
> as to any material fact, since the complete failure of proof concerning an
> essential element of the non-moving party's case necessarily renders all
> other facts immaterial.

*Celotex Corp.,* 477 U.S. at 322-23. The party moving for summary judgment always

bears the initial responsibility of informing the court of the basis for its motion and

identifying those portions of the pleadings or filings which it believes demonstrates the

absence of a genuine issues of material fact. *Id.* at 323. The burden then shifts to the

non-moving party to "go beyond the pleadings and by ... affidavits, or by the

'depositions, answers to interrogatories, and admissions on file' designate 'specific facts

showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed. R. Civ.

Pro. 56(e). In meeting this burden the non-moving party "must do more than simply

show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus.

Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that

there is a "genuine issue for trial." Fed.R.Civ.P. 56(c); *Matsushita*, 475 U.S. at 587, *see

also Anderson*, 477 U.S. at 249. The non-movant must "demonstrate that there is indeed

a material issue of fact precluding summary judgment." *Clark v. Coats & Clark, Inc.*,

2

929 F.2d 604, 608 (11th Cir.1991). A factual dispute regarding a non-material issue will not preclude the defendant from succeeding on a motion for summary judgment. *Brown v. American Honda Motor Co.*, 939 F.2d 946, 953 (11th Cir.1991).

On motions for summary judgment, the court shall construe the evidence and factual inferences arising therefrom in the light most favorable to the non-moving party. See *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The substantive law will identify which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). All "reasonable doubts" about the facts and all justifiable inferences are resolved in favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). However, all "doubts" need not be so resolved. *Barnes v. Southwest Forest Industries, Inc.,* 814 F.2d 607, 609 (11th Cir. 1987).

A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id*. at 249. The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Holcombe v. Alabama Dry Dock & Shipbuilding*, 1998 WL 758012 (S.D.Ala.); citing *Anderson*, 477 U.S. at 251-252.

## Legal Analysis

On June 23, 2000, plaintiff filed this suit as a declaratory judgment action seeking

3

to determine whether it is under any duty to defend Douglas M. Lollar and Mack Wayne
Lollar in a civil suit filed in the Circuit Court of Walker County styled *Debbie
Courington, as the Executrix and personal representative of the Estate of Dennis Wayne
Courington v. Mack Wayne Lollar and Mack Lollar,* CV2000-158.

Plaintiff issued an insurance policy, number 422-10-49, to Douglas M. Lollar and
Martha F. Lollar. The policy provided coverage for "bodily injury, sustained by a
person, and . . . damage to . . . property, arising out of the ownership, maintenance or use
of the owned auto" (Plaintiff's Exhibit A). The policy specifically excluded from
coverage "[b]odily injury or property damage caused intentionally . . ." (Plaintiff's
Exhibit A). According to plaintiff, it is under no duty to defend the Walker County
lawsuit because the basis for that action did not arise out of the ownership, maintenance
or use of a covered vehicle and, in addition, constitutes intentional acts which are
specifically excluded.

The complaint in *Debbie Courington, as the Executrix and personal
representative of the Estate of Dennis Wayne Courington v. Mack Wayne Lollar and
Mack Lollar,* alleges that Mack Lawler and Mack Wayne Lollar went to Dennis Wayne
Courington's home where Wayne Lollar hit Courington, then shot and killed him
(Plaintiff's Exhibit B). Plaintiff argues that such allegations relate to conduct not covered
by the contested policy.

The act of attacking someone then killing them is clearly outside the ownership,
maintenance or use of a covered vehicle. *See Allstate Ins. Co. v. Skelton,* 675 So.2d 377

4

(Ala. 1996); *Newman v. St. Paul Fire & Marine Ins. Co.,* 456 So.2d 40 (Ala. 1984); *Lee v. Burdette,* 715 So.2d 804 (Ala.Civ.App 1998).  Said conduct would also fall within the intentional act exclusion.

The court finds there is no genuine issue as to any material fact therefore plaintiff's motion for summary judgment (doc. 9) is hereby **GRANTED**.  Judgment is to be entered for plaintiff on all counts of the complaint.  Each party to bear own costs.

**DONE** and **ORDERED** this ___7___ day of February, 2001.

INGE P. JOHNSON
UNITED STATES DISTRICT JUDGE